UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                No. 99-4427

LINWOOD EARL BYRD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-98-188)

Submitted: June 9, 2000

Decided: June 28, 2000

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

_____

Reversed by unpublished per curiam opinion.

_____

**COUNSEL**

David W. Bouchard, BOUCHARD & SMITH, Chesapeake, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Darryl J.
Mitchell, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Linwood Earl Byrd challenges the district court's denial of his motion to suppress. The Government concedes that the police lacked reasonable suspicion to frisk Byrd. We agree, and we therefore reverse Byrd's conviction for possession of a firearm by a felon.

On November 14, 1998, the Portsmouth Police Department received an anonymous call describing a man brandishing a gun on the porch at 1119 Lansing Avenue. The police, aware of criminal activity at that address and in the surrounding area, went to 1119 Lansing Avenue and saw that Byrd matched the description given by the tipster. An officer patted Byrd down and found a handgun in his pocket.

When Byrd was then indicted for being a felon in possession of a firearm, he moved to suppress the weapon. The district court denied this motion, and Byrd entered a conditional guilty plea, reserving the right to appeal the denial of the suppression motion.

In denying the motion to suppress, the district court relied on two circumstances: that the tip was adequately substantiated by the correlation between its description of the man with the gun and the officers' observations and that the allegations related to an address known for criminal activity. This decision issued before the Supreme Court decided Florida v. J.L., 120 S. Ct. 1375 (2000). In J.L., the Court held that the police lacked reasonable suspicion under circumstances nearly identical to those presented in this case. See 120 S. Ct. at 1379. Although the frisk in this case occurred in a high-crime area, that circumstance cannot serve as an "independent corroborating factor." United States v. Perrin, 45 F.3d 869, 873 (4th Cir. 1995). We requested supplemental briefing from the parties to address J.L.; in its supplemental brief, the government concedes that J.L. compels the conclusion that the police lacked reasonable suspicion to stop and frisk him. We agree.

For these reasons, we hold that the police lacked reasonable suspicion to stop and frisk Byrd and the district court therefore improperly

denied Byrd's motion to suppress. Because the firearm was inadmissible, we reverse Byrd's 18 U.S.C.A. § 922(g) (West 2000) conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED

3